UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

Caption in Compliance with D.N.J. LBR 9004-2(c)

STEPHEN M. PACKMAN (SP1589)
DOUGLAS G. LENEY (DL9012)
ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ  08033-0968
Tel: (856) 795-2121
Fax: (856) 795-0574
*Attorneys for Mat Ng and John Robert Lees, the*
*Appointed Liquidators of Manley Toys Limited*

| | |
|---|---|
| In re: | Chapter 15 |
| MANLEY TOYS LIMITED, | Case No. 16- |
| Debtor in a Foreign Proceeding. | |

**VERIFIED PETITION PURSUANT TO 11 U.S.C. §§ 105(a), 1504, 1507, 1509, 1515,
1517, 1519, 1521, AND 1525 FOR ENTRY OF AN ORDER RECOGNIZING
FOREIGN MAIN PROCEEDING AND GRANTING FURTHER
RELIEF AND ADDITIONAL ASSISTANCE**

Mat Ng ("**Ng**") and John Robert Lees ("**Lees**"), both of JLA Asia Limited ("**JLA**") in

their capacities as the duly appointed Joint and Several Liquidators (the "**Appointed**

**Liquidators**") and authorized foreign representatives (the "**Foreign Representatives**") of

Manley Toys Limited ("**Manley**" or the "**Debtor**") the above-captioned debtor which is

currently under creditors' voluntary liquidation (the "**Hong Kong Proceeding**") pursuant to

Section 228(1)(c) of the Hong Kong Companies (Winding Up and Miscellaneous Provisions)

Ordinance (Chapter 32) (the "**Hong Kong Liquidation Law**") respectfully submit this verified

petition in furtherance of the Form of Voluntary Petition filed concurrently herewith [*Docket Ref.*

*No. 1*] (collectively, the "**Petition**") for the entry of an order substantially in the form of the

proposed order submitted herewith pursuant to, *inter alia*, sections 105(a), 1504, 1507, 1515,

1517, 1519, 1521 and 1525(a) of Chapter 15 of Title 11 of the United States Code, 11 U.S.C. §§

101, *et seq.* (the **"Bankruptcy Code"**):  (i) recognizing the Hong Kong Proceeding as a foreign

main proceeding pursuant to sections 1515 and 1517 of title 11, (ii) giving rise to the effects of

section 1520 of the Bankruptcy Code, and (iii) granting further preliminary and permanent relief

pursuant to sections 105(a), 1507(a), 1509(b)(2)-(3), 1521(a), and 1525(a) of the Bankruptcy

Code in support of the liquidation of the Debtor under the Hong Kong Liquidation Law.

In support of the Petition, the Foreign Representatives respectfully state as follows:

## I.  JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334.  This is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1410(1) and (3) because

the principal assets of the Debtor in the United States are located in this judicial district and

consist of claims in litigation pending in this judicial district.

3.    The statutory predicates for the relief requested herein are sections 105(a), 1504,

1507, 1509, 1515, 1517, 1519, 1521 and 1525 of the Bankruptcy Code.

## II.  BACKGROUND

4.    The facts and documents relevant to this matter are as set forth in the

accompanying Declaration of Mat Ng, as one of the authorized Appointed Liquidators (the "**Ng**

**Declaration**"), which is annexed hereto as Exhibit "A."[1]

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as ascribed to them in the Ng
Declaration.  A copy of the Notice of Appointment of Liquidator or Provisional Liquidator (Form NW3) filed with
the Hong Kong Companies Registry showing the appointment of Ng as one of the Joint and Several Liquidators of
the Debtor is annexed hereto as Exhibit "C."

5.     Manley was founded in 1977 and engaged primarily in the development, sourcing, and marketing of toys, children's products and party supplies in Hong Kong and China for sale and export to international markets, including the United States.

**A.     Corporate Structure**

6.     Manley is a privately held Hong Kong limited liability company registered under the laws of Hong Kong, maintaining a principal address at 8/F, Hong Kong Spinners Industrial Building, 818 Cheung Sha Wan Road, Cheung Sha Wan, Hong Kong.  Manley has one (1) shareholder and two (2) directors.

**B.     Assets in the United States**

7.     The Debtor's assets in the United States consist primarily of claims and causes of action against Toys "R" Us, Inc. ("**TRU**"), which claims and causes of action include, but are not necessarily limited to, breach of contract, fraud, book account, and *quantum meruit*.  These claims are the subject of that certain litigation pending in the United States District Court for the District of New Jersey (the "**New Jersey District Court**") captioned as *Manley Toys, Ltd. v. Toys "R" Us, Inc.*, Civil A. No. 2:12-cv-03072-KSH-PS (the "**New Jersey District Court Action**").  The Debtor estimates its claims against TRU total more than $5 million (USD) in the aggregate.

8.     Collectively, all claims and causes of action belonging to the Debtor, wherever located, may be referred to hereinafter as "**Claims**".  For purposes of this Petition, all of the Debtor's assets in the United States may be referred to hereinafter as the "**US Assets**."

**C.     Financial Difficulties and the Hong Kong Proceeding**

9.     The Debtor's business has suffered financial difficulties stemming from, among other things, (i) TRU's failure to pay to the Debtor the more than $5 million (USD) due and

owing by TRU to the Debtor, as well as (ii) a default judgment entered against the Debtor in

favor of Aviva Sports, Inc. (now known as ASI, Inc.) (**"Aviva"**) in certain litigation pending in

the United States District Court for the District of Minnesota (the **"Minnesota District Court"**)

captioned as *Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc., et al.*, Civ. A. No. 09-cv-

1091-JNE-JSM (the **"Minnesota District Court Action"**).  On August 21, 2013, the Minnesota

District Court entered default  judgment in favor of Aviva and against the Debtor in the

aggregate amount of $8,588,931.59 (USD) (the **"Aviva Judgment"**).

     10.     Since entry of the Aviva Judgment, Aviva has aggressively pursued collection of

the Aviva Judgment from the Debtor, having sought to domesticate the Aviva Judgment in a

number of foreign jurisdictions for purposes of execution and levy, including the District of New

Jersey, the Central District of California, and the Middle District of Tennessee.  Aviva has

sought to intervene in the New Jersey District Court Action, and, upon information and belief,

has sought to levy upon any sums which TRU may be ordered to pay to the Debtor in connection

with that proceeding.

     11.     Further, Aviva has filed in the Minnesota District Court Action a motion seeking

monetary sanctions and injunctive relief (the **"Injunction Motion"**) against not only the Debtor,

but also an affiliated entity of the Debtor, Toy Quest Limited (**"Toy Quest"**)[2], which is not a

judgment debtor under the Aviva Judgment, or a party to the Minnesota District Court Action.

The Injunction Motion has been scheduled for a hearing before the Minnesota District Court on

March 31, 2016.

     12.     The Debtor is a defendant in another action, pending in the United States District

Court for the District of Maryland (the **"Maryland District Court"**) captioned as *JFJ Toys, Inc.*

---

[2] Toy Quest is a separate legal entity organized under the laws of Hong Kong.

*v. Toys "R" Us-Delaware, Inc., et al.*, Civ. A. No. 13-cv-793-DKC (the "**Maryland District Court Action**"). The Debtor has been brought into the Maryland District Court Action by way of a third-party complaint filed by TRU against the Debtor asserting claims for, *inter alia*, indemnification. The plaintiff in the Maryland District Court Action has added direct claims against the Debtor as well.

13.    In addition to the foregoing, the Debtor is a defendant in the following other matters pending in the United States:

(a)    A certain breach of contract action captioned as *August v. Manley Toys Ltd.*, Case No. 2:13-cv-13894-PDB-PJK in the United States District Court for the Eastern District of Michigan;

(b)    A certain sexual harassment/retaliation action captioned as *Ackelson v. Manley Toy Direct L.L.C., et al.*, Case No. LA32912 in the Iowa District Court for Warren County; and

(c)    A certain sexual harassment/retaliation action captioned as *Drake and Miller v. Manley Toy Direct L.L.C., et al.*, Case No. LA32931 in the Iowa District Court for Warren County.

Collectively, the above three (3) matters may be referred to herein as the "**Additional Actions**" and all litigation pending as the "**Litigation Claims**."

14.    As a result of the foregoing, the Debtor has commenced a voluntary winding up proceeding under the Hong Kong Liquidation Law, effective as of March 22, 2016, pursuant to Section 230 of the Hong Kong Liquidation Law.

15.    On March 22, 2016, the Debtor convened an Extraordinary General Meeting of the Company and the Debtor's shareholder passed a special resolution pursuant to, *inter alia*,

Section 228(1)(c) of the Hong Kong Liquidation Law (the **"Winding Up Resolution"**), for the voluntary winding up of the Debtor to the effect that it cannot by the reason of its liabilities continue its business.

16.      In connection with the Winding Up Resolution, the Debtor, among other things:

(a)      Delivered to the Registrar of the Hong Kong Companies Registry a Notice of the passage of the Winding Up Resolution, certifying that the Debtor is unable to continue its operations as a result of its liabilities;

(b)      Passed a resolution to appoint the Appointed Liquidators as the liquidators of the Debtor for purposes of winding up; and

(c)      Ceased the normal operations of its business except as may be required in furtherance of the winding up, pursuant to Section 231 of the Hong Kong Liquidation Law.

17.      On March 22, 2016, a meeting of creditors pursuant to Section 241 of the Hong Kong Liquidation Law (the **"Creditors' Meeting"**) was convened.

18.      At the Creditors' Meeting, the Debtor tabled a statement of the Debtor's position of company affairs, and compiled a list of creditors and estimated amounts of those creditors' claims.  Further, the Creditors passed a resolution confirming the shareholders' appointment of the Appointed Liquidators during the winding up proceedings and the formation of a Committee of Inspection pursuant to Section 243 of the Hong Kong Liquidation Law (the **"Appointment Resolution"**).  The Committee of Inspection has authorized the Appointed Liquidators with certain authority under the Hong Kong Liquidation Law.  The Winding Up Resolution, together with the resolution passed by the Committee of Inspection, may be referred to collectively herein as the **"Liquidation Resolutions"**.  Copies of the Liquidation Resolutions are annexed hereto as Exhibit "B."

19.     The Foreign Representatives have commenced this Chapter 15 case to enable the

Hong Kong Proceeding to fairly and efficiently administer the assets of the Debtor for the

collective benefit of its creditors as contemplated by the Liquidation Resolutions, free of the

distraction and expense of litigation in the United States and without risk that the Debtor's

principal asset will be appropriated for the benefit of a single creditor.

### III.  RELIEF REQUESTED AND BASIS THEREFOR

20.     By this Petition, the Appointed Liquidators seek the following relief:

(a)     Recognition pursuant to section 1517 of the Bankruptcy Code of the Hong

Kong Proceeding as a "foreign main proceeding" as defined in section 1502(4) of the

Bankruptcy Code;

(b)     Pursuant to section 1519 of the Bankruptcy Code, the provisional relief

urgently needed upon the filing of the Petition to protect the assets of the Debtor and the interests

of creditors, including, without limitation, such relief as set forth in section 1519(a)(3) (as more

fully set forth in Paragraph 37, herein);

(c)     All relief effective upon recognition of foreign main proceedings

automatically, pursuant to section 1520 of the Bankruptcy Code; or in the alternative, if not as of

right under section 1520 of the Bankruptcy Code, then pursuant to sections 1521, 1507, 1525(a),

and 105(a) of the Bankruptcy Code, as applicable, including, without limitation, a stay of the

commencement or continuation of any individual action or proceeding concerning the Debtor's

assets, rights, obligations, or liabilities, including the US Assets;

(d)     Enforcement of the Liquidation Resolutions pursuant to sections

1521(a)(7), 1507, 1525(a), and 105(a) of the Bankruptcy Code; and

(e)     Such other and further relief as is appropriate and just under the

circumstances.

**A.**    **This Case Concerns a "Foreign Proceeding"**

21.    Chapter 15 of the Bankruptcy Code authorizes a "foreign representative" appointed in a "foreign proceeding" to seek recognition of that foreign proceeding by filing a petition in the United States Bankruptcy Court. <u>See</u>, 11 U.S.C. §§ 1501, *et seq.*  11 U.S.C. § 101(23) provides, in pertinent part:

> The term "foreign proceeding" means a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of restructuring or liquidation.

11 U.S.C. § 101(23).

22.    U.S. bankruptcy courts interpret section 101(23) as imposing a seven-part test, each element of which must be satisfied before a proceeding may qualify as a "foreign proceeding" within the scope of Chapter 15. <u>ABC Learning Centres</u>, 728 F.3d at 307-08; <u>In re Betcorp Ltd.</u>, 400 B.R. 266, 276-77 (Bankr. D. Nev. 2009); <u>In re Ashapura Minechem Ltd.</u>, 480 B.R. 129, 136 (S.D.N.Y. 2012).  These elements are (i) the existence of a proceeding; (ii) that is either judicial or administrative in nature; (iii) that is collective in nature; (iv) in a foreign country; (v) authorized or conducted under a law related to insolvency or the adjustment of debts; (vi) in which the debtor's assets and affairs are subject to the control or supervision of a foreign court; and (vii) which proceeding is for the purpose of reorganization or liquidation. <u>Id.</u>

23.    The Hong Kong Proceeding satisfies each of these elements:

(a)    Voluntary winding up proceedings under the corporate laws of former British Commonwealth countries are recognized as proceedings for purposes of section 101(23). Betcorp, 400 B.R. at 277-78.[3]

(b)    A proceeding is deemed "judicial in nature" under section 101(23) where the proceeding is subject to review by a court. Betcorp, 400 B.R. at 280-81. Although the Hong Kong Proceeding is intended to be conducted primarily out of court, pursuant to, *inter alia*, Sections 177(1)(d) and 257 of the Hong Kong Liquidation Law specifically provide for the ability of a creditor to seek relief from the Hong Kong courts if necessary.

(c)    Section 101(23) also requires the proceeding be "collective." The legislative history of chapter 15 notes that it adopts the definition of foreign proceedings nearly verbatim from the Model Law. See, House Report 109-31, pt. 1, 109th Cong., 1st Sess. (2005) ("**H.R. Rep.**") at 118. It also directs reference to the Model Law and the Guide as aids to interpreting chapter 15. Id. at 109; see also, footnote 5, supra. The Guide, in turn, takes a broad view of collective proceedings which may include "a variety of collective proceedings...be they compulsory or voluntary, corporate or individual, winding-up or reorganization." Guide, ¶ 71.

---

[3] Several U.S. bankruptcy courts have accepted that cases pending in the Hong Kong Court comprise "proceedings" by granting chapter 15 recognition to those cases. See, In re Moulin Global Eyecare Holdings Ltd., No. 06-30018 (Bankr. N.D. Cal., *Docket Ref. No. 45*, Mar. 3, 2006); In re Petition of the Official Receiver and Trustee of the Property of William Hung Yu Yang, No. 06-13022 (Bankr. S.D.N.Y., *Docket Ref. No. 14*, May 17, 2007); In re De Coro Ltd., No. 09-10369 (Bankr. M.D.N.C. , *Docket Ref. No. 36*, Apr. 2, 2009); In re Lee, 472 B.R. 156 (Bankr. D. Mass. 2012); In re Hung Viet Derrick LUU, No. 14-14085 (Bankr. C.D. Cal., *Docket Ref. No. 22*, April 18, 2014). In re The Grande Holdings Ltd., No. 11-41459 (Bankr. C.D. Cal., *Docket Ref. No. 25*, Aug. 3, 2011). These cases follow the tradition established under former section 304 of the Bankruptcy Code, the predecessor to chapter 15, of deference to proceedings emanating from former British Commonwealth countries and Hong Kong in particular ("...a sister common law jurisdiction"). See, In re Axona Int'l Credit & Commerce Ltd., 88 B.R. 597, 609-10 (Bankr. S.D.N.Y. 1988), aff'd, 115 B.R. 442 (S.D.N.Y. 1990) (granting comity to winding up proceedings under the Hong Kong Companies Ordinance). Of these cases, four were under the winding up provisions of the Companies Ordinance (Axona , 88 B.R. at 600); Moulin (Memorandum of Points and Authorities, p. 10, *Docket Ref. No. 4*); DeCoro (Order Granting Recognition); and Grande (Verified Petition, Ex. A, *Docket Ref. No. 6* and Memorandum of P&A, pg. 3, *Docket Ref. No. 7*). Lee (472 B.R. at169), Yu Yang (supra, *Docket Ref. No. 2*) and Hung Viet Derrick (chapter 15 Petition and Exhibits, pp. 9-10, *Docket Ref. No. 1*) were under the Hong Kong Bankruptcy Ordinance.

Case law takes a similar approach. Betcorp, 400 B.R. at 281; In re Gold & Honey, Ltd., 410 B.R.

357, 370.  Here, the Hong Kong Proceeding is collective in nature.  Pursuant to Section 187 of

the Hong Kong Liquidation Law, an order for winding up a company shall operate "in favour of

all the creditors and of all the contributories of the company as if made on the joint petition of a

creditor and of a contributory."

       (d)     The Hong Kong proceeding is indisputably taking place in a foreign

country.

       (e)     The Hong Kong Proceeding will take place under the Hong Kong

Liquidation Law, a type of law that was contemplated by the UNCITRAL Model Law on which

chapter 15 is based (and which has been held) to be "a law relating to insolvency or adjustment

of debt."[4] Betcorp, 400 B.R, at 282.

       (f)     Court supervision is available but not constant in the Hong Kong

Proceeding and this has been held to be sufficient to satisfy section 101(23):

"So although a voluntary winding up may never be placed squarely in front of a judge, once the

provisions of Part 5 are invoked, the nature of the process changes, and changes in ways that are

beyond the debtor's control. The terms of these changes are laid out in the statute, providing the

necessary 'act and formalities' for conversion and supervision." In re Betcorp, 400 B.R. at 279.

The Hong Kong courts will intervene as necessary to prevent injustice in liquidation

proceedings. See, e.g., Re YK Engineering & Piling Ltd. (HCCW 674/2004) (the Hong Kong

court held that the voluntary winding up was invalid due to irregular procedures where the

---

[4] See, UNCITRAL, Working Group on Insolvency Law, Draft Legislative Provisions on Judicial Cooperation and Access and Recognition in Cases of Cross-border Insolvency, p. 9, at n. 2, U.N. Doc. A/CN.9/WG.V/WP.44 (Mar. 8, 1996) (explaining that the phrase "or other law relating to insolvency" is intended to "allude to the fact that liquidations ... might be conducted under other than, strictly speaking, insolvency laws" and giving the example of company laws), available at http:// www. uncitral. org/ pdf/ english/travaux/insolvency/acn9-wg5-wp44-e.pdf

calling of a shareholders meeting was not complied with, and at least 15 creditors did not receive

the creditors meeting notice); Re STX Pan Ocean (Hong Kong) Co Ltd. (HCCW 324/2013) (the

Hong Kong court held that a compulsory winding up order superseded a valid voluntary

liquidation on the ground that an investigation into certain potential improper arrangements

between the company and its sole shareholder was necessary and compulsory winding up was

more appropriate than voluntary winding up, due to reasons of greater impartiality).

24.    "Supervision or control of the company's affairs is not a demanding standard.

The foreign court need not control the day-to-day operations of the debtor." Armada (Singapore)

Pte Ltd. v. Shah (In re Ashapura Minechem Ltd.), 480 B.R. 129, 138 (S.D.N.Y. 2012).

Bankruptcy courts in the United States have previously recognized Hong Kong winding up

proceedings as "foreign proceedings" for purposes of section 1517 of the Bankruptcy Code. See,

e.g., In re De Coro, Ltd., 2010 Bankr. LEXIS 4606, *3 (Bankr. M.D.N.C. Dec. 13, 2010); In re

Axona Int'l Credit & Commerce, Ltd., 88 B.R. 597 (Bankr. S.D.N.Y. 1988) (under pre-Chapter

15 law).

25.    The Hong Kong Proceeding is indisputably for the purpose of liquidation.

Pursuant to Section 321 of the Hong Kong Liquidation Law, in the case of a voluntary winding

up, the debtor company ceases to carry on its business, except insofar as may be "beneficially"

required in the course of winding up.

26.    The second requirement under section 1517 is that the foreign representative

applying for recognition be a person or a body authorized to act on behalf of the foreign

proceeding. 11 U.S.C. § 1517(a)(2). The Appointed Liquidators are turnaround and liquidation

specialists in Hong Kong and are members of JLA. Both the Appointed Liquidators fall within

the definition of a "person" as defined in section 101(41) of the Bankruptcy Code to include an

"individual". Section 101(24) defines the term "foreign representative" as being "a person or

body, including a person or body appointed on an interim basis, authorized in a foreign

proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or

to act as a representative of such foreign proceeding." Section 101(24). This definition of

foreign representative does not require that the individual be appointed by a foreign court or

other judicial body. Vitro, 701 F.3d at 1047. [5] Instead, it is sufficient that the foreign

representative be authorized to act "in the context" of a foreign bankruptcy proceeding, such as

by resolution of the debtor's board of directors authorizing the representative to commence

foreign bankruptcy proceedings on the debtor's behalf. Id. at 1047, 1049 (affirming recognition

of foreign representatives nominated by boards of directors).

27.     The Petition self-evidently meets the requirements of section 1515, as required by

section 1517(a)(3).

28.     The final requirement of section 1517, as set forth in section 1517(b), is that the

foreign proceeding be either a foreign main or a foreign nonmain proceeding. Manley is

registered under the laws of Hong Kong and maintains its principal address there. See, Ng

Declaration at ¶ 5. [6] Consequently, it is entitled to the benefit of the presumption contained in

section 1516(c) that its registered office is its center of main interests. There is no – nor can

there be any – contrary evidence. 11. U.S.C. § 1516(c).

29.     Consequently, the Hong Kong Proceeding is entitled to recognition under section

1517 of the Bankruptcy Code because (i) the Hong Kong Proceeding is a foreign proceeding

---

[5] See also, In re OAS S.A., 533 B.R. 83, 94-95 (Bankr. S.D.N.Y. 2015).
[6] The Debtor is incorporated and registered to do business in Hong Kong, and maintains its principal offices in Hong Kong. Accordingly, and pursuant to 11 U.S.C. § 1516(c), the Debtor is entitled to the presumption that Hong Kong constitutes the center of main interest of the Debtor.

12

within the meaning of section 101(23) of the Bankruptcy Code, and is a foreign main proceeding

within the meaning of section 1502(4) of the Bankruptcy Code as the Hong Kong Proceeding is

pending where the Debtor has its center of main interest; (ii) the Appointed Liquidators are

foreign representatives within the meaning of section 101(24) of the Bankruptcy Code; and (iii)

the Petition meets the requirements of section 1515 of the Bankruptcy Code.

30.     Granting recognition would not contravene the public policy of the United States,

as prohibited by section 1506 of the Bankruptcy Code.  To the contrary, recognition of the Hong

Kong Proceeding will promote the United States' policy of respecting foreign proceedings as set

forth in, *inter alia*, sections 1501(a) and 1508 of the Bankruptcy Code, and further cooperation

between global courts to the maximum extent possible, as mandated by section 1525(a) of the

Bankruptcy Code.  The Appointed Liquidators therefore submit that the conditions for

recognition of the Hong Kong Proceeding under section 1517 of the Bankruptcy Code have been

satisfied.

**B.     This Case Was Properly Commenced**

31.     This Chapter 15 case was properly commenced in accordance with sections 1504

and 1515 of the Bankruptcy Code by the filing of this Petition under section 1515(a),

accompanied by all documents and information required by sections 1515(b) and (c), including,

but not limited to:  (i) the Winding Up Resolution; (ii) the Liquidation Resolutions; (iii) proof of

foreign publication of the Debtor's winding up and commencement of the Hong Kong

Proceeding [7]; and (iv) a statement identifying all "foreign proceedings" with respect to the

Debtor which are known to the Appointed Liquidators.  Accordingly, the requirements of section

1515 of the Bankruptcy Code have been met.

---

[7] See, Exhibit "D" annexed hereto.

C.    **The Provisional Relief Requested in This Petition is Expressly Permitted Under 11 U.S.C. §§ 1519(a) and 1521(a) and (b) and is Necessary in Order to Prevent the Dissipation of the Debtor's Assets**

32.    Section 1519(a) of the Bankruptcy Code permits the Court to grant "relief of a provisional nature" from the time of filing of a petition for recognition until the Court rules on that petition, where such relief is "urgently needed to protect the assets of the debtor or the interest of the creditors," including:

(a)    Staying execution against the debtor's assets;

(b)    Entrusting the administration or realization of all or part of the debtor's assets located in the United States to the foreign representatives in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy; and

(c)    Any relief referred to in paragraph (3), (4), or (7) of section 1521(a).

See, 11 U.S.C. § 1519(a).

33.    Section 1521(a) of the Bankruptcy Code provides, in pertinent part:

(a) Upon recognition of a foreign proceeding, whether main or nonmain, where necessary to effectuate the purpose of this chapter and to protect the assets of the debtor or the interests of the creditors, the court may, at the request of the foreign representative, grant any appropriate relief, including—

(1) staying the commencement or continuation of an individual action or proceeding concerning the debtor's assets, rights, obligations or liabilities to the extent they have not been stayed under section 1520 (a);

(2) staying execution against the debtor's assets to the extent it has not been stayed under section 1520 (a);

(3) suspending the right to transfer, encumber or otherwise dispose of any assets of the debtor to the extent this right has not been suspended under section 1520 (a);

(4) providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities;

(5) entrusting the administration or realization of all or part of the debtor's assets within the territorial jurisdiction of the United States to the foreign representative or another person, including an examiner, authorized by the court;

(6) extending relief granted under section 1519 (a); and

(7) granting any additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550, and 724 (a).

11 U.S.C. § 1521(a).

34.     As set forth in the Ng Declaration, certain of the US Assets may be subject to levy, execution, seizure or garnishment, under various state and federal procedures available to creditors under the laws of the United States and other applicable state law.  Maintenance of the *status quo* and the protection and preservation of the US Assets for the benefit of the Debtor's creditors during reorganization is essential to ensuring the integrity of the restructuring process under the laws of Hong Kong, and providing for fair and equitable treatment of the Debtor's creditors all over the world.

35.     Accordingly, the Appointed Liquidators respectfully submit that an immediate order, pursuant to 11 U.S.C. § 1519(a)(2), entrusting the administration and realization of the US Assets to the Appointed Liquidators, is urgently necessary in order to protect and preserve the value of the US Assets that, by their nature or because of other circumstances, are "otherwise in jeopardy." See, e.g., In re Pro-Fit Holdings Ltd., 391 B.R. 850, 860 (Bankr. C.D. Cal. 2008) (finding that the imposition of the section 362 automatic stay as provisional relief under section 1519 is not "injunctive relief" that is subject to the section 1519(e) requirement imposing the standards for an injunction, and that a judgment creditor's argument to the contrary "would

impose procedural barriers that are unknown in the bankruptcy law to the availability of at least

some § 1519 remedies"); In re Zhejiang Topoint Photovoltaic Co., Civ. A. No. 14-24549-GMB

(Bankr. D.N.J. July 24, 2015) (granting, among other relief, a provisional stay under sections

362, 1519, and 1521 of the Bankruptcy Code to a foreign representative of a Chinese debtor

without requiring a demonstration under the injunctive relief standard).

36.      However, even under the injunctive relief standard required by certain courts[8] for

imposition of a provisional stay with respect to the foreign debtor's assets within the United

States, the Debtor is able to satisfy such requirements, to wit:

(a)      **Likelihood of Success on the Merits.**  Recognition of a foreign

proceeding is relatively straightforward and indeed has been characterized as "formulaic." In re

Bear Stearns High Grade Structured Credit Strategies Master Fund Ltd., 374 B.R. 122, 126

(Bankr. S.D.N.Y. 2007) ("Bear Stearns I"), aff'd., 389 B.R. 325 (S.D.N.Y. 2008).  As set forth

under section 1517, a foreign proceeding shall be recognized if (1) the foreign proceeding is a

foreign main or foreign non-main proceeding, (2) the petition for recognition was filed by a

foreign representative, and (3) the petition satisfies all of the requirements under section 1515.

Here, all of these requirements have been met, as more fully set forth herein, and the Appointed

Liquidators respectfully submit that recognition of the Hong Kong proceeding will be granted in

this Chapter 15 case.

(b)      **Irreparable Harm to the Debtor if Provisional Relief is Denied.**  In the

case of In re Innua Can., Ltd., Judge Steckroth found that the recent commencement of two

lawsuits in the district courts against the foreign debtor could have resulted in potential

---

[8] See, e.g., In re Worldwide Educ. Servs., 494 B.R. 494 (Bankr. C.D. Cal. 2013); In re Innua Can., Ltd., 2009 Bankr.
LEXIS 994, *5 (Bankr. D.N.J. Mar. 25, 2009).

dissipation or diminution in value of the debtor's assets and therefore constituted "irreparable

harm" for purposes of obtaining a provisional stay. In re Innua Can., Ltd., 2009 Bankr. LEXIS

994, *11 (Bankr. D.N.J. Mar. 25, 2009).  Here, the impending irreparable harm is an even more

"clear and present danger" – that is, Aviva is actively attempting to execute on the Aviva

Judgment against US Assets of the Debtor, as detailed hereinabove.  If the Bankruptcy Court

does not grant the protections afforded by a stay to the Debtor on a provisional basis, it is

conceivable, if not likely, that Aviva will continue its actions against the Debtor's US Assets,

thereby engaging in the very "race to the courthouse" that U.S. bankruptcy laws are designed to

protect against.  The Debtor submits that Aviva should be treated in similar fashion to its other

similarly situated creditors and therefore requests provisional relief, including a stay, in order to

facilitate such.

(c)  **Balance of Equities.**  Where the moving party has demonstrated a

likelihood of success on the merits of the underlying issue, the balance of harms is tipped in its

favor because "[t]he more likely the plaintiff is to win, the less heavily need the balance of harms

weigh in his favor." Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer

Pharm. Co., 290 F.3d 578, 597 (3d Cir. 2002).  Here, the Debtor has demonstrated with

reasonable certainty that it is likely to be granted recognition with respect to the Hong Kong

Proceeding.  Further, no harm will be visited upon Aviva or other U.S. creditors of the Debtor

while the status quo is maintained pending a hearing on recognition. See, In re Innua Can., Ltd.,

2009 Bankr. LEXIS 994 at *11 (agreeing with the foreign representative's contention that the

status quo being maintained pending recognition of the Chapter 15 petition "will actually serve

to benefit the estates' creditors by allowing for an orderly administration of the Foreign Debtors'

financial affairs under the Canadian Proceeding...").

(d)    **Furthering the Public Interest.**  The public interest – specifically, the

goals of comity and cooperation embodied in Chapter 15 of the Bankruptcy Code and the

underlying spirit of the UNCITRAL Model Law on Cross-Border Insolvency (1997) upon which

Chapter 15 was codified – are served best by granting the Appointed Liquidators the provisional

relief sought herein.  "[T]he Foreign Debtors' assets located in the United States are in danger

without the provisional relief, which is precisely the harm Chapter 15 is designed to prevent.

Clearly, Section 1525 promotes cooperation between the United States Bankruptcy Court and the

foreign court where the foreign proceeding is located and imposition of the automatic stay

furthers such cooperation and policy."  In re Innua Can., Ltd., 2009 Bankr. LEXIS 994 at *12.

The Appointed Liquidators submit that the Bankruptcy Court's imposition of a provisional stay

pending recognition furthers the goals of the Hong Kong Proceeding and allows for the

appropriate cooperation and deference with respect to such "foreign main proceeding."

37.    Based on the foregoing, and upon the representations in the Ng Declaration, the

Appointed Liquidators respectfully request that, upon the filing of the Chapter 15 Petition, the

Court enter an Order that will remain in effect until a decision is rendered by the Court on the

issue of recognition:

(a)    Pursuant to 11 U.S.C. § 1519(a)(1), staying execution and any other acts

against the Debtor's property and assets in the United States including, without limitation, the

US Assets, and enforcement of any judicial, quasi-judicial, administrative or regulatory

judgment, assessment, order, arbitration award, or lien against the Debtor or its property, except

by or with the written consent of the Appointed Liquidators;

(b)    Pursuant to 11 U.S.C. § 1519(a)(2), entrusting to the Appointed

Liquidators the administration and realization of all of the Debtors' property and assets

(including the US Assets); and specifically, authorizing the Appointed Liquidators to oversee the

prosecution, settlement, liquidation, or other disposition of the Claims of the Debtor for the

benefit of all of the Debtor's creditors, wherever located;

(c)     Pursuant to 11 U.S.C. § 1519(a)(3) and 1521(a)(3), suspending the right of

and enjoining any party other than the Appointed Liquidators to transfer, encumber, or otherwise

dispose of any property or assets of the Debtor, including, without limitation, the US Assets,

except with the written consent of the Appointed Liquidators; and

(d)     Pursuant to 11 U.S.C. § 1519(a)(3) and 1521(a)(4), authorizing the

Appointed Liquidators to take such discovery as may be necessary and appropriate in connection

with the administration and realization of all of the Debtor's property and assets, including,

without limitation, providing for the examination of witnesses, taking of evidence and delivery

of information concerning the Debtor's assets, affairs, rights, obligations and liabilities,

including the US Assets.

38.     Provisional relief is urgently needed in light of the actions of the Debtor's

creditors – most notably, Aviva – in the United States taking place right now.  The Aviva levy

against TRU is pending decision and could be decided at any moment.  Moreover, the Injunction

Motion in the Minnesota District Court Action is presently returnable on March 31, 2016 and if

not stayed by order of this Bankruptcy Court, may further result in substantial and irreparable

harm to the Debtor, its assets, and its creditors.

39.     A provisional stay is necessary in order to (i) allow the Appointed Liquidators a

reasonable amount of time to review and analyze the various Litigation Claims and determine the

best course of action with respect to prosecuting and defending each; (ii) preclude certain

creditors from continuing to take actions in an effort to "jump ahead" of other similarly situated

creditors of the Debtor; and (iii) provide a breathing spell to the Debtor so that the Debtor may

focus on its liquidation in the Hong Kong Proceeding rather than spending additional time and

money in numerous litigations spanning various courts across the United States.  In order to

avoid these actions, which will unquestionably compromise the orderly administration and

integrity of the Debtor's insolvency proceedings in Hong Kong, immediate injunctive relief is

necessary and appropriate.

40.    The discovery sought is necessary in order to enable the Appointed Liquidators to

understand the full extent of the status and location of all property and assets of the Debtor

located in the United States, and to enable the Appointed Liquidators to seek recovery thereof in

a timely manner. See, e.g., In re Pro-Fit Holdings Ltd., 391 B.R. at 860 (recognizing that the

provisional relief available to a foreign representative under section 1519 "includes the

examination of witnesses pursuant to Rule 2004 and the delivery of information concerning the

debtor's assets, affairs, rights, obligations or liabilities") (citing 11 U.S.C. § 1521(a)(4)).

41.    As set forth in the Ng Declaration, the Appointed Liquidators believe that time is

of the essence in obtaining the relief sought herein.  As detailed hereinabove, certain creditors of

the Debtor are actively pursuing levy, execution, seizure or garnishment as against the Debtor's

US Assets.

42.    Pursuant to 11 U.S.C. § 1521(a), the Appointed Liquidators also request that the

relief referred to in the foregoing Paragraph 37, above, commencing upon the filing of this

Petition, remain in effect after the Court's entry of an order recognizing the Hong Kong

Proceeding.

43.    Such relief will continue to be appropriate upon recognition of the Hong Kong

Proceeding because (i) such relief is "necessary to effectuate the purpose of [Chapter 15] and to

protect the assets of the debtor or the interest of the creditors," as set forth in 11 U.S.C. §
1521(a); (ii) section 1521(a)(6) of the Bankruptcy Code specifically authorizes the Court's entry
of an order "extending relief granted under section 1519(a)"; and (iii) all such relief is
specifically authorized by section 1521(a)(2)-(5) of the Bankruptcy Code.

44.     In addition, the Appointed Liquidators respectfully request that upon recognition
of the Hong Kong Proceeding, the Court entrust the distribution of all of the US Assets to the
Appointed Liquidators, as expressly permitted under 11 U.S.C. § 1521(b).

## IV.  CONCLUSION

45.     The Appointed Liquidators, in their capacity as duly appointed liquidators of the
Debtor in the Hong Kong Proceeding, are entitled to entry of an order recognizing the Hong
Kong Proceeding as a "foreign main proceeding" and recognizing the Appointed Liquidators as
"foreign representatives" of the Debtor as a matter of law because all of the statutory elements
for recognition of the Hong Kong Proceeding under Chapter 15 of the Bankruptcy Code have
been satisfied.  Specifically:

(a)     The Hong Kong Proceeding is a foreign main proceeding under 11 U.S.C.
§ 1502(4);

(b)     Recognition of the Hong Kong Proceeding would not be contrary to
United States public policy under 11 U.S.C. § 1506, and would further the purpose and policy of
Chapter 15 as well as principles of comity;

(c)     Each of the Appointed Liquidators is a "person" and a "foreign
representative" authorized to represent the Debtor in connection with the Hong Kong Proceeding
and this proceeding; and

(d)     The Appointed Liquidators have complied with all of the requirements of
11 U.S.C. § 1515 and Bankruptcy Rule 2002.

46.    Since, as demonstrated above, the requirements of 11 U.S.C. §§ 1519(a)(2),

1521(a)(5) and 1521(b) are met, the Appointed Liquidators should be entrusted with (i) the

administration and realization of all of the Debtor's property and assets located in the United

States, including the US Assets; and (ii) the distribution of all of the Debtor's property and assets

located in the United States, including the US Assets.

47.    No prior application for the relief sought herein has been made or granted in this,

or any other court.

WHEREFORE, the Appointed Liquidators respectfully request that this Court grant the

Petition and enter an Order, substantially in the form of the proposed Order Granting

Recognition and Related Relief annexed hereto, together with such other and further relief as

may be just, equitable and proper.

Dated:  Haddonfield, New Jersey              ARCHER & GREINER
        March 22, 2016                       A Professional Corporation


                                              /s/  Stephen M. Packman                .
                                             Stephen M. Packman (NJ Bar No. 54475)
                                             Douglas G. Leney (NJ Bar No. 07-3423)
                                             One Centennial Square
                                             Haddonfield, NJ  08033
                                             Tel:  (856) 795-2121
                                             Fax:  (856) 795-0574
                                             spackman@archerlaw.com
                                             dleney@archerlaw.com

                                             -and-

                                             GOODWIN PROCTER
                                             Daniel M. Glosband
                                             Exchange Place
                                             53 State Street
                                             Boston, MA  02109
                                             Tel:  (617) 570-1000
                                             Fax:  (617) 523-1231
                                             dglosband@goodwinprocter.com
                                             *Attorneys for John Robert Lees and Mat Ng, the
                                             Appointed Liquidators of Manley Toys, Ltd.*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, Mat Ng declares as follows:

I am a member and duly authorized agent of JLA Asia Limited and have been appointed as an Appointed Liquidator and authorized as foreign representative of the Debtor pursuant to the Appointment Resolution.  I have full authority to verify the foregoing Verified Petition Pursuant to 11 U.S.C. §§ 105(a), 1504, 1507, 1509, 1515, 1517, 1519, 1521, and 1525 for Entry of an Order Recognizing Foreign Main Proceeding and Granting Further Relief and Additional Assistance (the "Petition").  I have read the foregoing Petition, and am informed and do believe that the allegations contained therein are true and accurate to the best of my knowledge, information, and belief.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 22nd 2016

MAT NG,
*Joint and Several Liquidator of Manley Toys Limited*

114024974v1

23