UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

STEPHEN M. PACKMAN (SP1589)
DOUGLAS G. LENEY (DL9012)
ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08033-0968
Tel: (856) 795-2121
Fax: (856) 795-0574
*Attorneys for Mat Ng and John Robert Lees, the Appointed Liquidators of Manley Toys Limited*

**Order Filed on April 1, 2016 by
Clerk U.S. Bankruptcy Court
District of New Jersey**

In re:

MANLEY TOYS LIMITED,

    Debtor in a Foreign Proceeding.

Chapter 15

Case No. 16-15374(JNP)

Hearing Date: 3/24/16 (2:00 P.M.)

### ORDER GRANTING PROVISIONAL RELIEF AND SETTING DATE FOR FURTHER HEARING

The relief set forth on the following pages, numbered two (2) through  6  is hereby

**ORDERED.**

**DATED: April 1, 2016**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

This matter was brought before the Court on an expedited basis on March 24, 2016, by the Joint and Several Liquidators, John Lees and Mat Ng (the "Appointed Liquidators") and foreign representatives, of Manley Toys Limited, including Manley Toys Limited doing business under any trade name (collectively the "Debtor"[1]), which is currently under creditors' voluntary liquidation (the "Hong Kong Proceeding") pursuant to Section 228(1)(c) of the Hong Kong Companies (Winding Up and Miscellaneous Provisions) Ordinance (Chapter 32) ("Hong Kong Liquidation Law").[2]

This matter was brought to consider the Appointed Liquidators request for provisional relief ("Request for Provisional Relief") pursuant to Section 1519 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") (the relief granted hereinafter referred to as the "Provisional Relief"), as more fully set forth in the Verified Petition Pursuant to 11 U.S.C. §§ 105(a), 1504, 1507, 1509, 1515, 1517, 1519, 1521 and 1525 for Entry of an Order Recognizing Foreign Main Proceeding and Granting Further Relief and Additional Assistance (the "Petition"), filed on March 22, 2016 (the "Petition Date").

Due and proper notice of the Request for Provisional Relief was given to all known United States parties-in-interest, which notice is deemed adequate for all purposes such that no other or further notice thereof need be given, and to the Office of the United States Trustee for the District of New Jersey.  Objections were filed in writing by creditor/party-in-interest ASI, Inc., f/k/a Aviva Sports, Inc. ("ASI") and objections were stated on the record by creditors/parties-in-interest Toys "R" Us, Inc. ("TRU") and ASI at the hearing.  Stephen M. Packman and Douglas G. Leney, of Archer & Greiner, P.C., appeared as counsel on behalf of the Appointed Liquidators; Michael Dockterman and Jeffrey Novack, of Steptoe & Johnson LLP, appeared as counsel on behalf of TRU; and Richard B. Honig of Hellring Lindeman Goldstein &

2

Siegal LLP and Stephen A. Weisbrod and Shelli L. Calland, of Weisbrod Matteis & Copley PLLC appeared as counsel on behalf of ASI.

The Court has considered and reviewed the pleadings and exhibits submitted by the Appointed Liquidators in support of the Request for Provisional Relief and heard the positions of counsel at the hearing conducted thereon. After due deliberation and sufficient cause appearing therefore, and for the reasons set forth on the record,

**IT IS HEREBY PROVISIONALLY ORDERED** as follows:

1. The Appointed Liquidators Request for Provisional Relief is GRANTED to the extent set forth herein.

2. Pursuant to 11 U.SC. §§ 105 and 1519(a), Section 362 of the Bankruptcy Code hereby is adopted in this case and made applicable to the Debtor and all of the property of the Debtor in the United States.

3. Pursuant to 11 U.S.C. §§ 362 and 1519(a)(1), all persons and entities are stayed, without limitation, from the commencement or continuation of any and all litigation by, against or with respect to the Debtor, including, but not limited to, the litigation identified in the Verified Petition (the "Litigation Claims") and any other actions, motions, discovery, trials and proceedings, and including the enforcement of any claims, causes of action, judgments, writs of execution, levies, garnishments or attempt of enforcement or relief against the Debtor, or against any property of the Debtor, in the United States and from any act to obtain possession of, exercise control over, transfer, dispose of or encumber property of the Debtor in the United States, including, but not limited to, the US Assets, or take any other actions with respect to assets of the Debtor, absent Court approval. For purposes of this Order, the term "US Assets" shall mean all of the Debtor's assets of any kind in the United States.

4. The Appointed Liquidators and the Debtor are stayed, without limitation, from the commencement or continuation of any and all litigation on behalf of or with respect to the Debtor in the United States, including, but not limited to, the Litigation Claims and any other actions, motions, discovery, trials and proceedings, and including the enforcement of any claims, causes of action, judgments, writs of execution, levies, garnishments or attempt of enforcement or relief on behalf of the Debtor, absent Court approval.

5. On or before April 4, 2016, the Appointed Liquidators shall notify the courts before which the

Litigation Claims and any other litigations against, on behalf of, or with respect to the Debtor or the property of the Debtor are currently pending, and shall notify all retailers with which the Debtor has done business during the past twenty-four (24) months, of the provisional stay, including by providing a copy of this Order. Copies of all such notices shall be filed with the Court. The rights of all parties with respect to any US Assets realized by the Appointed Liquidators from retailers are hereby reserved.

6. Pursuant to 11 U.S.C. § 1519(a)(2), the Appointed Liquidators are hereby entrusted with administration and realization of the property and assets of the Debtor, and all proceeds thereof, in the United States, including, but not limited to, the US Assets (the "Debtor's Assets").

7. Pursuant to 11 U.S.C. § 1519(a)(3), the Appointed Liquidators, its agents, and representatives, are entitled to the following provisional relief under Section 1521(a) of the Bankruptcy Code:

8. Pursuant to 11 U.S.C. § 1521(a)(3), no person or party in possession of the Debtor's Assets, shall take any action to dispose, transfer, encumber or impair the Debtor's Assets. The Appointed Liquidators shall deposit all proceeds of realization of the Debtor's Assets into a segregated, federally insured U.S. bank account pending further hearing as set forth herein. The Appointed Liquidators, the Debtor and all those with actual notice of this Order shall refrain from taking any action to allow such Debtor's US Assets to leave the United States, absent court approval.

9. Pursuant to 11 U.S.C. § 1521(a)(4), the Appointed Liquidators shall be entitled to take such discovery as they deem reasonably necessary with respect to the Debtor's Assets, claims against and liabilities of the Debtor, the Litigation Claims and as they otherwise deem necessary to discharge their duties as Foreign Representatives.

10. TRU and ASI shall be entitled to take such discovery as they deem reasonably necessary relative to the Appointed Liquidators request for recognition of the Hong Kong Proceeding as a foreign main proceeding. Any such discovery directed to the Appointed Liquidators shall be served upon counsel for the Appointed Liquidators on or before April 1, 2016 and the Appointed Liquidators shall provide initial responses and objections by no later than April 12, 2016. Any disputes shall be brought before the Court by request for a conference call.

11. Pursuant to 11 U.S.C. § 1521(a)(4), the Appointed Liquidators (and any other party-in-interest) shall have leave to request such other relief as they may require in this matter upon notice to all parties-in-interest.

12. Notwithstanding Fed. R. Bankr. P. 7062, made applicable to this Chapter 15 Case by Fed. R. Bankr. P. 1018, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and, upon its entry, this Order shall become final and appealable.

13. The Court shall conduct a hearing on April 27, 2016, commencing at 9:30 a.m., on the Verified Petition seeking recognition of proceedings and further relief. Any opposing papers shall be filed by no later than April 20, 2016 and any response by the Appointed Liquidators by April 25, 2016.

114071698v1

[1] For the purposes of this order, "Debtor" specifically includes the Debtor to the extent that it conducts any business under a trade name other than Manley Toys Limited.

[2] Factual statements contained in this Order are for purposes of the Order only and do not constitute findings of fact for purposes of determining whether the Hong Kong Proceeding will be granted recognition.